UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Caleb Sosa, a minor, by his next friend
Amparo Hernandez-Sosa, and Amparao
Hernandez-Sosa,

    Plaintiffs,
v.                                        Case No. 10-12878

City of Detroit, *et al.*,                 Honorable Sean F. Cox

    Defendants.

_____/

## ORDER DENYING
## PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

On November 16, 2010, Plaintiffs filed a motion seeking entry of a default judgment against Defendants. (Docket Entry No. 5). Notably, when filing this motion, Plaintiffs identified the motion on the docket as "Motion for Default Judgment as to All Defendants by All Plaintiffs." (*Id*.).

On November 23, 2010, Defendants City of Detroit and Dwight Pearson filed an Answer. (Docket Entry No. 6).

"An entry of default and an entry of default judgment are two separate events or steps. The first step is the entry of default when it is shown, by affidavit or otherwise, that a defending party on a claim has failed to plead or otherwise defend. The second step is the entry of default judgment." 46 Am. Jur. 2d *Judgments* § 233. The custom and practice in this Court is that a clerk's entry of a default is a prerequisite to obtaining a default judgment from the district court. *See e.g., Dahill Management, LLC v. Moore*, 2009 WL 1664559 (E.D. Mich. 2009) (Wherein Chief Judge Gerald Rosen explained that "[t]his Court requires that the Plaintiff first obtain a

clerks's entry of default" before seeking a default judgment from the district court.).

This Court denied Plaintiffs' November 16, 2010 motion in an order dated December 7, 2010, because Plaintiffs had not obtained a Clerk's Entry of Default prior to filing the motion. (Docket Entry No. 7).

On December 27, 2010, Plaintiffs filed a "Motion for Relief from Judgment" (Docket Entry No. 10). In this motion, Plaintiffs state that they attached a request for a clerks entry of default by the Clerk of the Court along with their Motion for Default Judgment. Plaintiffs ask this Court to now enter an order granting their previous request for Clerk's Entry Of Default.

The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument.

Having considered the motion, the Court shall DENY the motion. Because Plaintiffs improperly included a request to the Clerk of the Court for entry of Clerk's Entry of Default along with their Motion requesting that the Court enter default judgment, the Clerk of the Court did not consider the request or issue a Clerk's Entry of Default. Thus, Plaintiffs' Motion for Default Judgment was properly denied because Plaintiffs had not obtained a Clerk's Entry of Default before filing that motion with the Court. The Court also declines to retroactively issue a Clerk's Entry of Default. The Clerk of the Court considers requests for Clerk's Entries of Default. Any request for a Clerk's Entry of Default must be filed as a Request for Clerk's Entry of Default and may not be combined with a motion or any other submission. (*See* www.mied.uscourts.gov for sample forms that can be used to request a Clerk's Entry of Default.)

IT IS SO ORDERED.

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated:  January 5, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2011, by electronic and/or ordinary mail.

    S/Jennifer Hernandez
    Case Manager