UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Caleb Sosa, a minor, by his next friend
Amparo Hernandez-Sosa, and Amparao
Hernandez-Sosa,

    Plaintiffs,
v.                                                         Case No. 10-12878

City of Detroit, *et al.*,                            Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER
## DENYING MOTION TO SET ASIDE DEFAULTS
## AND SETTING EVIDENTIARY HEARING ON DAMAGES

This matter is currently before the Court on Plaintiffs' motion seeking a default judgment against Defendants City of Detroit and Dwight Pearson, which was filed on October 11, 2011, and what appears to be a motion to set aside entries of default, filed by the City of Detroit and Defendant Pearson on the day of the hearing on Plaintiffs' motion seeking a default judgment. For the reasons set forth below, the Court shall DENY the motion to set aside entries of default filed by the City of Detroit and Defendant Pearson and shall set an evidentiary hearing to determine the amount of damages to be awarded to Plaintiffs.

### BACKGROUND

On July 21, 2010, Plaintiffs Caleb Sosa, a minor, and Amparo Hernandez-Sosa, next friend of Caleb Sosa, filed this § 1983 action against several Defendants, including the City of Detroit and Dwight Pearson. Plaintiff's original complaint included several "John Doe" Defendants.

1

On October 27, 2010, Counsel for Plaintiffs and Jane Kent Mills, counsel for the City and Pearson, entered into a Stipulation and Order giving the City and Pearson an extension of time for filing an Answer to the Complaint. The Stipulation and Order provided that the City would file an Answer on or before November 8, 2010, and that Pearson would file an Answer on or before November 15, 2010. (Docket Entry No. 4).

As of November 16, 2010, neither the City nor Pearson had filed an Answer and Plaintiffs filed a motion seeking a default judgment as to the City and Pearson. (Docket Entry No. 5).

On November 23, 2010, the City and Pearson filed an Answer to the Complaint. (Docket Entry No. 6).

On December 7, 2010, this Court issued an Order denying without prejudice Plaintiffs' motion seeking a default judgment as premature because Plaintiffs had not obtained a Clerk's Entry of Default. (Docket Entry No. 7).

This Court's January 27, 2011 Scheduling Order provided that Plaintiffs were to file an Amended Complaint, that names all John Doe Defendants, no later than February 25, 2011. (Docket Entry No. 17). It also provides that witness lists were to be filed by June 24, 2011, that discovery was to close on July 25, 2011, and motions were to be filed by August 27, 2011.

On February 25, 2011, Plaintiffs filed a motion seeking an extension of time to file an Amended Complaint, asserting that Defense Counsel's failure to provide Rule 26 disclosures was impairing Plaintiffs' ability to identify the John Doe Defendants. (Docket Entry No. 18). This Court granted that request and ruled that Plaintiffs had until March 18, 2011 to Amend their Complaint.

On March 18, 2011, Plaintiffs filed an Amended Complaint that deleted the "John Doe" Defendants but continued to assert claims against the originally-named individual Defendants and the City. (Docket Entry No. 20). Because she had already appeared in the action, Counsel for the City and Pearson received the Amended Complaint on that same date, via the Court's electronic case filing system. In addition, the Affidavit provided by Plaintiff's Counsel in support of Plaintiffs' request for entry of a default judgment states that a copy of the Amended Complaint was personally delivered to the City of Law Department on March 18, 2011.

As of April 26, 2011, however, neither the City nor Pearson had filed an Answer to the Amended Complaint. Plaintiff then requested and obtained a Clerk's Entry of Default as to both the City and Pearson on April 26, 2011. (Docket Entry Nos. 21 & 26).

On October 6, 2011, this Court issued a Notice advising the parties that it was holding a status conference in this matter on October 12, 2011. (Docket Entry No. 24). Although Plaintiff appeared for the status conference on October 12, 2011, no one appeared on behalf of any Defendants.

On October 11, 2011, Plaintiffs filed a motion seeking a default judgment against the City and Pearson. The Affidavit attached to Plaintiff's motion states that Plaintiff's Counsel has attempted to contact Defense Counsel regarding the entries of default but that Defense Counsel has not returned any of his telephone calls or e-mails.

On October 26, 2011, this Court issued a Notice advising the parties that Plaintiffs' Motion for Default Judgment as to the City and Pearson would be heard on January 5, 2011. (Docket Entry No. 29).

On January 4, 2011 – one day prior to the hearing on Plaintiffs' Motion for Entry of

Default Judgment – Counsel for the City and Defendant Pearson filed a one-page "motion" that presumably is intended to be a motion asking the Court to set aside the Clerk's Entries of Default against the City and Defendant Pearson.  That "motion" states, in its entirety:

> \\\\ [sic]
>
> \\\\ [sic]
>
> defaults against Defendants City of Detroit and Pearson and allow the case to be decided on the merits. [sic]
>
> Respectfully submitted,
>
> S/ Jane Kent-Mills
> JANE KENT-MILLS (P-38251)
> Attorney for Defendant City
> CITY OF DETROIT LAW
> DEPARTMENT
> 660 Woodward, Suite 1650
> Detroit, MI 48226
> (313) 237-5060
> Millj@law.ci.detroit.mi.us
>
> Dated: January 4, 2012

(Docket Entry No. 30, Ex. A to Opinion & Order).  Attached to Docket Entry No. 30 are several exhibits, including an Affidavit from Jane Mills.  (Docket Entry No. 30-6).  The Affidavit submitted by Mills claims that "she has no records" indicating that she received the Amended Complaint or some other filings in this case – although the docket reflects no notices of e-mail delivery failure.[1]  Mills acknowledges that she did receive this Court's October 26, 2011 Notice of Hearing on Plaintiffs' Motion for Entry of Default Judgment, but offers no explanation as to

---

[1] When the electronic case filing "ECF" system is unable to successfully send a filing to an attorney via e-mail, the ECF system generates a "Notice of E-mail Delivery Failure" that appears on the docket and is also mailed to the attorney at issue.  (*See* Ex. B to Opinion & Order).

4

why she waited **more than two full months** – until January 4, 2011, the day prior to the hearing on Plaintiffs' motion for entry of default judgment, before taking any action.

## ANALYSIS

**A.     The Court Shall Deny The City And Pearson's Motion To Set Aside Entries Of Default.**

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." When evaluating a motion to set aside an entry of default of a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). A somewhat more lenient standard applies where, as here, there has only been an entry of default and no default judgment has yet been issued.

While the burden on a party seeking to set aside a Clerk's Entry of Default is not a heavy one, Defendants City of Detroit and Defendant Pearson – who are represented by counsel – still have the burden of establishing good cause to set aside the default. Defendants' one-page "motion" utterly fails to meet that burden and the facts of this case do not warrant setting aside the defaults at this late stage of the litigation.

Defendants' "motion" does not articulate a meritorious defense and, even if Defendants had done so, the other two factors weigh heavily against granting the motion.

This is not a case involving excusable neglect. Mills appeared in this action on behalf of the City and Pearson. After Defendants failed to meet the first extension for filing an answer to

the original complaint that Mills had requested, Plaintiffs' Counsel had to file a motion for default judgment before Defendants filed an answer to the original complaint.

Mills appeared at the January 25, 2011 Scheduling Conference, and received the January 27, 2011 Scheduling Order, so she was aware that Plaintiffs would be filing an Amended Complaint. A copy of the Amended Complaint was sent to Mills via the Court's ECF system on March 18, 2011. In addition, the Affidavit provided by Plaintiff's Counsel in support of Plaintiffs' request for entry of a default judgment states that a copy of the Amended Complaint was personally delivered to the City of Law Department on March 18, 2011. Nevertheless, no Answer to the Amended Complaint was filed by the City or Pearson and on April 26, 2011, Plaintiffs obtained Clerk's Entries of Default as to the City and Pearson.

When even that failed to cause Defendants to take action in this case, this Court scheduled a Status Conference for October 12, 2011 – but Defendants failed to appear.

After Defense Counsel ignored his calls and e-mails regarding the entries of default and this case, Plaintiffs' Counsel then filed a motion seeking entry of default judgment as to the City and Pearson on October 11, 2011. **This Court then sent written notice on October 26, 2011, a notice Mills acknowledges having received (*see* Mills Affidavit, Docket Entry No. 30-6, at ¶¶ 11-12), advising Defendants that the motion had been filed.** Nevertheless, Defendants took no action for **more than two full months**. On the day prior to the hearing on Plaintiffs' Motion for Default Judgment, Defendants then filed a facially-deficient one-page "motion" to set aside the entries of default.

In addition, Plaintiffs would be prejudiced if this Court were to set aside the defaults against the City and Pearson. This action has been pending for more than 17 months and, under

this Court Scheduling Order, discovery and motion deadlines passed long ago.

Accordingly, the Court shall deny the City and Pearson's motion to set aside defaults.

**B.     The Court Shall Hold An Evidentiary Hearing To Determine The Amount Of Plaintiffs' Damages.**

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim.  Here, a Clerk's Entry of Default was entered against the City and Pearson on April 26, 2011.  Thus, the City's *liability*, and Pearson's *liability,* are established.

In order to obtain a default judgment, the proponent must seek entry of a default judgment from the clerk or by the Court.  FED. R. CIV. P. 55(b).  Here, Plaintiff's damages are unliquidated and thus Plaintiff applied to this Court for entry of a default judgment against the City and Pearson.  Where damages are unliquidated, a default admits only the defendant's liability and the amount of damages must be proved.  *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110 (6th Cir. 1995).  Thus, this Court must make an appropriate inquiry into in order to ascertain the amount of damages.  *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355 (6th Cir. 2009).

Although this Court is not required to conduct a hearing, and in an appropriate case could base its damages ruling upon materials submitted along with a Motion for Default Judgment, that is not the case here.  Plaintiffs' motion simply asserts that Plaintiffs claim damages in excess of $75,000 – it does not seek specified damages or offer any affidavits or other evidence in support of their request for damages.  Accordingly, the Court shall schedule an evidentiary hearing to determine the amount of Plaintiffs' damages.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the City and Pearson's Motion to Set Aside Entries of Default is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Entry of Default Judgment is taken under advisement and the Court shall **hold an evidentiary hearing to determine the amount of Plaintiffs' damages on February 16, 2012 at 4:00 p.m.**

IT IS FURTHER ORDERED that any party who intends to present witnesses at the February 16, 2012 evidentiary hearing shall file, **no later than February 9th, a witness list identifying the name of each witness and a brief summary of the expected testimony from that witness.**

IT IS SO ORDERED.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: January 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2012, by electronic and/or ordinary mail.

                                                S/Jennifer Hernandez
                                                Case Manager