UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Caleb Sosa, a minor, by his next friend
Amparo Hernandez-Sosa, and Amparao
Hernandez-Sosa,

       Plaintiffs,

v.                                       Case No. 10-12878

City of Detroit, *et al.*,               Honorable Sean F. Cox

       Defendants.
_____/

## OPINION & ORDER
## DENYING MOTION FOR RECONSIDERATION (D.E. NO. 32)

This matter is currently before the Court on a motion filed by Defendant City of Detroit ("the City") and Defendant Dwight Pearson ("Pearson"), asking this Court to reconsider its January 6, 2012 "Opinion & Order Denying Motion To Set Aside Defaults And Setting Evidentiary Hearing On Damages."  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.  For the reasons set forth below, the Court shall deny the motion and shall schedule an evidentiary hearing to determine the amount of damages to be awarded to Plaintiffs.

## BACKGROUND

On July 21, 2010, Plaintiffs Caleb Sosa, a minor, and Amparo Hernandez-Sosa, next friend of Caleb Sosa, filed this § 1983 action against several Defendants, including the City and Pearson.  Plaintiffs' original complaint included several "John Doe" Defendants.

1

On October 27, 2010, Counsel for Plaintiffs and Jane Kent Mills ("Mills"), counsel for the City and Pearson, entered into a Stipulation and Order giving the City and Pearson an extension of time for filing an Answer to the Complaint. The Stipulation and Order provided that the City would file an Answer on or before November 8, 2010, and that Pearson would file an Answer on or before November 15, 2010. (Docket Entry No. 4). As of November 16, 2010, however, neither the City nor Pearson had filed an Answer.

Plaintiffs filed a motion seeking a default judgment as to the City and Pearson on November 16, 2010. (Docket Entry No. 5). Neither the City nor Pearson filed a response to this motion.

On November 23, 2010, without addressing Plaintiffs' pending motion seeking a default judgment, Mills filed an Answer to the Complaint on behalf of the City and Pearson. (Docket Entry No. 6). That Answer identified Mills as an attorney with the City of Detroit Law Department.

Despite the City and Pearson's failure to respond to the motion, on December 7, 2010, this Court issued an Order denying without prejudice Plaintiffs' motion seeking a default judgment. This Court denied the motion as premature because Plaintiffs had not obtained a Clerk's Entry of Default. (Docket Entry No. 7).

On December 27, 2010, Plaintiffs filed a motion asking this Court to reconsider its Order denying Plaintiffs' motion for default judgment. (Docket Entry No. 10). Neither the City nor Pearson filed a response to this motion. This Court denied the motion in an Order issued on January 5, 2011. (Docket Entry No. 14).

This Court's January 27, 2011 Scheduling Order provided that Plaintiffs were to file an

2

Amended Complaint, that names all John Doe Defendants, no later than February 25, 2011. (Docket Entry No. 17).  It also provides that witness lists were to be filed by June 24, 2011, that discovery was to close on July 25, 2011, and motions were to be filed by August 27, 2011.

On February 25, 2011, Plaintiffs filed a motion seeking an extension of time to file an Amended Complaint, asserting that Defense Counsel's failure to provide Rule 26 disclosures was impairing Plaintiffs' ability to identify the John Doe Defendants.  (Docket Entry No. 18). Neither Pearson nor the City filed any response to this motion.  On March 16, 2011, this Court granted Plaintiffs' request and ruled that Plaintiffs had until March 18, 2011 to Amend their Complaint.

As of the extended March 18, 2011 deadline for naming the "John Doe" Defendants, Plaintiffs' Counsel had still not received Rule 26 disclosures from Defendants, despite numerous requests for same.  On March 18, 2011, Plaintiffs filed an Amended Complaint that deleted all "John Doe" Defendants but continued to assert claims against all of the originally-named individual Defendants and the City.  (Docket Entry No. 20).  Because she had already appeared in the action, Counsel for the City and Pearson received the Amended Complaint on that same date, via the Court's electronic case filing system.  In addition, the Affidavit provided by Plaintiffs' Counsel in support of Plaintiffs' request for entry of a default judgment states that a copy of the Amended Complaint was personally delivered to the City of Detroit's Law Department on March 18, 2011.

As of April 26, 2011, however, neither the City nor Pearson had filed an Answer to the Amended Complaint.  Plaintiffs then requested and obtained a Clerk's Entry of Default as to both the City and Pearson on April 26, 2011.  (Docket Entry Nos. 21 & 26).

On October 6, 2011, this Court issued a Notice advising the parties that it was holding a status conference in this matter on October 12, 2011. (Docket Entry No. 24).

On October 11, 2011, Plaintiffs filed a motion seeking a default judgment against the City and Pearson. (Docket Entry No. 25). The Affidavit attached to Plaintiffs' motion states that Plaintiffs' Counsel has attempted to contact Defense Counsel (Ms. Mills) regarding the entries of default but that Defense Counsel has not returned any of his telephone calls or e-mails.

On October 12, 2011, Plaintiff appeared for the status conference as scheduled. Counsel for the City and Pearson did not appear for the October 12, 2011 Status Conference.[1]

On October 26, 2011, this Court issued a Notice advising the parties that Plaintiffs' Motion for Default Judgment as to the City and Pearson had been filed and that the Court would hold a hearing on January 5, 2011. (Docket Entry No. 29). Counsel for the City and Pearson took no action upon receiving that notice.

Indeed, Counsel for the City and Pearson *did nothing for the next two months*. On January 4, 2011 – one day prior to the hearing on Plaintiffs' Motion for Entry of Default Judgment – Mills filed a one-page "motion" that presumably was intended as a motion asking the Court to set aside the defaults against the City and Defendant Pearson. That "motion" states, in its entirety:

> \\\\ [sic]
> \\\\ [sic]
> defaults against Defendants City of Detroit and Pearson and allow the case to be

---

[1]Nor did she contact the Court to request an alternate date or time or to advise that she could not attend.

4

decided on the merits. [sic]

Respectfully submitted,

S/ Jane Kent-Mills
JANE KENT-MILLS (P-38251)
Attorney for Defendant City
CITY OF DETROIT LAW
DEPARTMENT
660 Woodward, Suite 1650
Detroit, MI 48226
(313) 237-5060
Millj@law.ci.detroit.mi.us

Dated: January 4, 2012

(Docket Entry No. 30).  Attached to Docket Entry No. 30 are several exhibits, including an

Affidavit from Jane Mills.  (Docket Entry No. 30-6).  The Affidavit submitted by Mills claims

that "she has no records" indicating that she received the Amended Complaint or some other

filings in this case – although the docket reflects no notices of e-mail delivery failure.[2]  Mills

*acknowledges that she did receive this Court's October 26, 2011 Notice* of Hearing on Plaintiffs'

Motion for Entry of Default Judgment, but offers no explanation as to why she waited more than

two full months – until January 4, 2011, the day prior to the hearing on Plaintiffs' motion for

entry of default judgment, before taking any action.

On January 5, 2012, the Clerk's Office, *without this Court's knowledge or approval*,

entered a docket entry purporting to strike Defendants' one-page motion and sent a Notice of

Error to Mills, advising that her filing was wrong or incomplete and directing her to re-file her

motion.  (*See* 1/5/12 Docket Entry).  Mills never re-filed the motion and this Court "unstruck"

_____

[2]When the electronic case filing "ECF" system is unable to successfully send a filing to
an attorney via e-mail, the ECF system generates a "Notice of E-mail Delivery Failure" that
appears on the docket and is also mailed to the attorney at issue.

5

the Clerk's Office's purported striking of the motion.

On January 6, 2012, this Court issued an Opinion & Order denying the City and Pearson's Motion to Set Aside Default.  (Docket Entry No. 31).

On January 17, 2012, attorney John Schapaka, also with the City of Detroit Law Department, filed an appearance in this action.  On that same date, he filed a "Motion to Set Aside Default and Default Judgment as Ordered by the Court on January 6, 2012" on behalf of the City and Pearson.  (Docket Entry No. 32).

This motion is actually a motion seeking reconsideration of this Court's January 6, 2012 Opinion & Order.  Motions for reconsideration are governed by Local Rule 7.1(h).  Local Rule 7.1(h) provides the following standard regarding motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Defendants' motion does not demonstrate a palpable defect by which the Court and the parties have been misled.

Rather, the City and Pearson argue that while Mills's neglect in this case is inexcusable, the Court should set aside the defaults entered against them because they should not be held responsible for their attorney's misconduct.  (*See, e.g.*, Defs.' Br. at 10, asserting that the City and Pearson should not "bear the impact of Mills' failures.").

"Such an argument was characterized by the United States Supreme Court in *Link v.*

6

*Wabash Railroad Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, *reh'g denied*, 371 U.S. 873 (1962), as 'wholly inconsistent with our system of representative litigation' in which each party is bound by the acts of his lawyer-agent." *CSX Trans., Inc. v. May*, 919 F.2d 738, 1990 WL 197834 (6th Cir. 1990).

In *CSX Transp., Inc*., the district court denied the defendants' motion seeking to set aside a default judgment entered against them. On appeal, the defendants asserted that the district court erred in refusing to set aside defaults entered against them because upon learning of the defaults, they "took immediate action" to set aside the defaults and that they should not be held responsible for their attorney's conduct. In rejecting that argument, the Sixth Circuit noted the rejection of that argument by the Supreme Court in *Link*. The court further stated that "[i]n order to avert a finding of culpability so as to obtain relief from a default judgment, a party must establish that he or she has been a 'diligent conscientious client.'" *CSX Transp., Inc*., *supra*, at *4. (quoting *Coleman v. Smith*, 814 F.2d 1142, 1146 (7th Cir. 1987)). The court concluded that the defendants had "not presented evidence that they were reasonably conscientious in monitoring the progress of [the] lawsuit." *CSX Transp., Inc., supra*, at *4. In so holding, the court explained that the "[d]efendants were not free to drape a cloak of agency around their attorney and then close their eyes to further developments in the case." *Id.*

This Court concludes that neither the City nor Pearson have established that they have been "diligent conscientious clients" with respect to this lawsuit.

In its motion, the City asserts that "[i]n civil actions involving the City as a defending party, Mills' supervisors function as the voice of her client" and that "[i]n the instant matter, the City, through Mills' supervisory chain, was unaware of Mills' failures and the growing problem created thereby." (Defs.' Br. at 11). The City claims that Mills's supervisors first "learned of

the state of affairs in this matter," on January 5, 2012.  (*Id.*).

The City provides no explanation, however, as to what, if any, actions that Mills's supervisors took to supervise Mills or monitor the status of this action.   The City is not free to "drape a cloak of agency around their attorney and then close their eyes to further developments" in this action.

The same holds true for Defendant Pearson.  As to Defendant Pearson, Defendants' motion states:

> When served, Pearson immediately reported to the City Law Department where he requested both representation and indemnification.  His requests were timely processed and his defense was assigned to Mills.  Pearson did all that was expected of him and took all reasonable steps to assure his defense was undertaken.  He thereafter reasonably believed that his defense was ongoing and that his interests were being protected.

(Defs.' Br. at 11).  Defendants submitted an affidavit from Pearson wherein he states that "in October 2010," he was personally served with the summons and complaint in this action. (Pearson Affidavit at ¶ 1).  He also states that "[o]n October 11, 2011 [sic] I appeared at the City of Detroit Law Department to request that the City of Detroit Law Department represent me" in this action.  (*Id*. at ¶ 2).  The remainder of Pearson's affidavit states:

> 3.     I am informed and believe and on that basis allege that the City of Detroit Law Department has already filed an answer to the original complaint on my behalf.
>
> 4.     I am informed and believe, and on that basis allege that the Detroit City Council has now approved my representation and defense in this matter.
>
> 5.     I have no personal knowledge of any default filed against me after the answer to the original complaint was filed.
>
> 6.     I respectfully request that the Law Department be allowed to represent my interests in this case, on the merits.

8

(*Id*. at ¶¶ 3-6).  Thus, Pearson does not claim to have taken any action regarding this lawsuit, or made any inquiries as to the status of this action, after requesting representation from the Detroit City Law Department in October of 2010.

In order to obtain relief from the default, Defendant Pearson must present evidence that he was "reasonably conscientious in monitoring the progress of [the] lawsuit."  *CSX Transp., Inc., supra*, at *__.  He has not done so here.[3]  Like the City, Defendant Pearson is not free to "drape a cloak of agency around [his] attorney and then close [his] eyes to further developments" in this lawsuit.

"When a defendant fails to demonstrate reasonable diligence in keeping track of the progress of a lawsuit, a district court does not abuse its discretion in refusing to relieve that defendant from a default judgment."  *Coleman*, 814 F.2d at 1146 (cited with approval in *CSX Transp., Inc., supra*).

CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendants' Motion (Docket Entry No. 32) is DENIED.

IT IS FURTHER ORDERED that the evidentiary hearing on damages shall take place on

---

[3]Moreover, it does not appear that this is the first time that Pearson has been a party in a lawsuit. It appears that Pearson has previously been a defendant in several cases in this Court. (*See, e.g.* Case Nos. 03-71470, 03-72480, 03-73595, 04-71815, 08-14937).  As such, he has some familiarity with the litigation process.  A reasonably diligent client would at least make an inquiry as to the status of a case that has been pending for more than a year and a half.

**April 9, 2011, beginning at 9:30 a.m.**

      IT IS SO ORDERED.

                           S/Sean F. Cox
                           Sean F. Cox
                           United States District Judge

Dated:  March 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2012, by electronic and/or ordinary mail.

                           S/Jennifer Hernandez
                           Case Manager